# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>**INDUSTRIAS VASSALLO INC**<br><br><br>**Debtor(s)** | **CASE NO.  08-07752**<br><br>**Chapter 11**<br><br>**Adversary No. 16-00137** |
| **VASSALLO INTERNATIONAL GROUP, INC.**<br><br>**Plaintiff**<br>vs.<br><br>**PETER VAZQUEZ MASSA, et. als.**<br><br>**Defendant(s)** | **FILED & ENTERED ON 07/05/2016** |

## OPINION & ORDER

Before the court is Plaintiff Vassallo International Group, Inc.'s ("VIGI") *Emergency Motion Requesting Ex-Parte Relief* [Dkt. No. 9]. In its motion, VIGI is requesting that this court stay the proceedings pending before the Puerto Rico Court of First Instance, Ponce part in cases JPE2015-0383(605) and JPE2015-0467 (605). The urgency of this request stems from the fact that the state

court has scheduled a trial on the merits in the above cases to commence on July 6, 2016. VIGI is requesting the stay in order to allow this court to entertain the adversary complaint filed on June 30, 2016 [See Dkt. No. 1].

For the reasons discussed below this court concludes that it lacks jurisdiction to hear the complaint.[1] 28 U.S.C. § 1334 provides, in relevant part:

> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
> (b) …[N]otwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

This section provides the bankruptcy court with three distinct jurisdictional bases: all cases filed under 11 U.S.C.; all proceedings "arising under" 11 U.S.C.; and, all proceedings "arising in or related to" 11 U.S.C. This court has no jurisdiction to adjudicate this Complaint as a "case under title 11," because the Plaintiff is not a debtor in this bankruptcy court. Similarly, we lack jurisdiction via the "arising under" provision, because Plaintiff's claims do not constitute a cause of action created by the Bankruptcy Code. In order to entertain VIGI's Complaint, we must find jurisdiction under the "arising in or related to" provision. Such jurisdiction is not unlimited, however. There must be some nexus between the "related" proceeding and the bankruptcy case, such that "the outcome of the litigation potentially could have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankrupt estate." In re Boston Reg'l Med. Ctr., 410 F.3d 100, 105 (1st

---

[1] The issue of whether a bankruptcy court should abstain from hearing a particular proceeding can be raised sua sponte by the bankruptcy court or by motion of a party. 28 U.S.C. § 1334(c)(1)-(2); see also Sherer v. Carroll, 150 B.R. 549 (D. Vt. 1993); In re Southmark Storage Assoc.Ltd. Partnership, 132 B.R. 231 (Bankr. D. Conn. 1991).

Cir.2005) (internal citations and textual alterations omitted).

At best, the court's jurisdiction to adjudicate a dispute between two non-debtors is tenuous. In re Shaner, 96 B.R. 132, 135 (Bankr.S.D.Ohio 1989). Here, the Complaint unambiguously states that VIGI is not the successor in interest to Debtor. The Defendants, as stated in the Complaint, are former employees of the Debtor, Industrias Vasallo. The nexus to the Debtor, even recognizing the Plaintiffs' relationship to Industrias Vasallo, is difficult to fathom. Assuming complete success, and/or full recovery for the Plaintiff, said recovery would not inure to the benefit of the estate or to its creditors. "In the absence of any tangible effect on the bankruptcy case, bankruptcy courts have regularly concluded that they lack jurisdiction to resolve claims by non-debtors against other non-debtors." In re Boston Reg'l, 410 F.3d at 105 "[A] civil proceeding is related to bankruptcy [if] the outcome of that proceeding could conceivably have any effect on the [bankruptcy] estate." In re G.S.F. Corp., 938 F.2d 1467, 1475 (1st Cir.1991) (internal quotations omitted), overruled on other grounds by Connecticut Nat'l Bank v. Germain, 503 U.S. 249 (1992); Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir.1984), overruled on other grounds by Things Remembered v. Petrarca, 516 U.S. 124 (1995); TD Bank, N.A. v. Sewall, 419 B.R. 103, 105–06 (D.Me.2009); In re Twinlabs Personal Injury Cases, 2004 WL 435083, *1 (S.D.N.Y.2004) ("The standard for 'related to' jurisdiction over a suit in the posture of [an action against non-debtor third parties] is 'whether its outcome might have any "conceivable effect" on the bankrupt estate.' " (quoting In re Cuyahoga Equip. Corp., 980 F.2d 110, 114 (2d Cir.1992)).

Where there is an arguable connection, the court should "determine the relative 'greyness' of the various causes of action." Matter of Tvorik, 83 B.R. 450, 455 (Bankr.W.D.Mich.1988). In this case there is no "greyness," largely due to the Plaintiff's unequivocal assertion in their own Complaint that they are not the successor in interest to the Debtor. See also In re Incor, Inc., 113 B.R. 212, 218 (D.Md.1990) ("related to" jurisdiction does not exist where there is a speculative or insignificant effect on the administration of the estate); Wayne Film Systems Corp. v. Film Recovery Systems Corp., 64 B.R. 45, 49 (N.D.Ill.1986) (the test for "related to" jurisdiction is "whether the outcome of the proceedings could have an effect on the administration of the estate"). In this proceeding, the Debtor is not a party to the proceeding. Accordingly, we conclude that bankruptcy court jurisdiction does not exist over this proceeding. All other pending motions related to this Adversary Proceeding are DENIED as moot. The case is dismissed. The Clerk to enter Judgment consistent with this opinion and order and close the adversary proceeding forthwith.

SO ORDERED

San Juan, Puerto Rico, this 5th day of July, 2015.

Brian K. Tester
U.S. Bankruptcy Judge